J-S38027-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HERBERT DALE CONAWAY | : | |
| | : | |
| Appellant | : | No. 1868 WDA 2017 |

Appeal from the PCRA Order December 5, 2017
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001863-2011

BEFORE:   BOWES, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:                    FILED JANUARY 25, 2019

Appellant Herbert Dale Conaway appeals pro se from the order
dismissing his third Post Conviction Relief Act[1] (PCRA) petition as untimely.
Appellant asserts that he is entitled to PCRA relief because trial counsel was
ineffective for failing to investigate that Appellant was actually innocent and
for failing to properly locate and interview witnesses, and because the trial
court erred in sentencing Appellant prior to having a presentence investigation
report (PSI) or evaluation by the Sex Offender Assessment Board (SOAB)
completed.   Appellant also argues that he is subject to unconstitutional sex

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

offender registration requirements based upon the decision in Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017).[2]  We affirm.

This Court previously summarized the relevant background of this matter:

> Appellant was arrested for the rape of a young woman who was volunteering with Habitat for Humanity.[3]  Represented by counsel, Appellant proceeded to a jury trial, following which the jury convicted him of rape by forcible compulsion, 18 Pa.C.S.A. § 3121(a)(1), and related offenses.  The trial court sentenced Appellant [under Megan's Law III] to an aggregate of 96 months to 200 months in prison [and lifetime registration.]  Appellant filed a timely post-sentence motion, which the trial court denied on August 16, 2012.  Thereafter, on August 27, 2012, Appellant filed a timely, counseled direct appeal to this Court.[4]
>
> On appeal, Appellant contended (1) he should be granted a new trial due to the prosecutor's Brady[5] violation, i.e., its failure to produce the victim's emergency room examination records until after the start of trial; (2) the evidence was insufficient to support his conviction under Section 3121(a)(1); (3) the jury's verdict was against the weight of the evidence; and (4) he should be granted a new trial due to the Commonwealth's failure to present a prima

_____

[2] Muniz, decided on July 19, 2017, held that retroactive application of Pennsylvania's Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S. §§ 9799.10-9799.41, violates the federal and state ex post facto clauses.  Muniz, 164 A.3d at 1193.  SORNA took effect upon the expiration of Megan's Law III, its predecessor statute, on December 20, 2012.  SORNA was amended in response to Muniz.  See 2018, Feb. 21, P.L. 27, No. 10 (Act 10) (codified, in part, in 42 Pa.C.S. §§ 9799.51-9799.75).

[3] The assault occurred on August 11, 2011.

[4] On August 27, 2012, Appellant also filed a pro se PCRA petition.  On September 7, 2012, however, Appellant's counsel filed a petition to discontinue the PCRA petition on the basis that it had been prematurely filed.

[5] Brady v. Maryland, 373 U.S. 83 (1963).

facie case of guilt at the preliminary hearing. This Court found Appellant was not entitled to relief, and consequently, on February 5, 2013, we affirmed his judgment of sentence. See Commonwealth v. Conaway, No. 1320 WDA 2012 (Pa. Super. filed 2/5/13) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

On or about February 21, 2013, Appellant filed a timely pro se PCRA petition, counsel was appointed to assist Appellant, and thereafter, counsel filed a petition to withdraw and a Turner/Finley[6] brief. The PCRA court granted counsel's petition to withdraw and, ultimately, dismissed Appellant's first PCRA petition on March 30, 2015. Appellant did not file an appeal to this Court.

On or about October 6, 2016, Appellant filed a pro se PCRA petition, and the PCRA court provided Appellant with notice of its intent to dismiss pursuant to Pa.R.Crim.P. 907. Appellant filed a pro se response in opposition to the PCRA court's notice, and by opinion and order entered on November 29, 2016, the PCRA court dismissed Appellant's second petition on the basis it was untimely filed. [A] timely pro se appeal followed.

Commonwealth v. Conaway, 1877 WDA 2016, 2017 WL 2398703, at *1 (Pa. Super. filed June 2, 2017) (footnotes omitted).

This Court affirmed the dismissal of Appellant's second PCRA petition on June 2, 2017. Id. at *3. Thereafter, on October 25, 2017, Appellant filed the instant third pro se PCRA petition. Appellant asserted that trial counsel was ineffective for failing to investigate that Appellant was actually innocent and for failing to properly locate and interview witnesses. PCRA Pet., 10/25/17, at 8, 11. Appellant argued that the trial judge erred in sentencing him prior to receiving a PSI or an evaluation by the SOAB. Id. at 15. Finally, Appellant

---

6 Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988), and Commonwealth v. Finley, 550 A.2d 213 (Pa. Super. 1988) (en banc).

asserted a claim that he is entitled to relief based upon the ruling in Muniz that retroactive application of SORNA is unconstitutional. Id. at 18.

On November 15, 2017, the PCRA court issued a Pa.R.Crim.P. 907 notice of intent to dismiss Appellant's third PCRA petition without a hearing. Appellant filed objections to the Rule 907 notice on November 22, 2017, in which he reiterated the claims made in his third PCRA petition. The PCRA court entered an order and opinion on December 5, 2017, which dismissed Appellant's third PCRA petition.

Appellant filed a timely notice of appeal and a timely court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).[7] The PCRA court filed a statement in lieu of a Pa.R.A.P. 1925(a) opinion, referring to the reasons for dismissing the third PCRA petition as set forth in the Rule 907 notice and the order and opinion of December 5, 2017.

Appellant raises four questions, which we have reordered as follows:

1. Is [Appellant] entitled to relief in light of the recent [Pennsylvania] Supreme Court decision in [Muniz]?

2. Was trial counsel ineffective for failing to investigate that his client, [Appellant], was factually innocent, thus causing the conviction of an innocent man?

3. Was trial counsel ineffective for failing to properly locate and interview witnesses?

---

[7] Appellant attaches a different Rule 1925(b) statement to his Appellate brief than the one appearing in the certified record. Regardless, the docketed Rule 1925(b) statement that appears of record was timely filed and preserves all of the issues Appellant raised in the instant PCRA petition.

- 4 -

4. Did the trial court err[] when [it] sentenced [Appellant] prior to having a presentence investigation report (PSI) nor an evaluation by the Sex Offender Assessment Board (SOAB) in violation of 42 Pa.C.S.[ §§ 9731, 9732, and 9794(E)]?

Appellant's Brief at 8 (unpaginated) (full capitalization omitted).

Appellant asserts in his first claim that he is entitled to relief from unconstitutional sex offender registration requirements based upon the holding in Muniz. Id. at 28. Appellant argues that "SORNA unconstitutionally increases the length of registration requirements for sex offenders subject to its retroactive application [and] increases punishment for conduct which occur[r]ed before its enactment." Id. at 29. Therefore, according to Appellant, SORNA is "unconstitutional as applied to someone like him whose crimes predated its enactment." Id.

Our standard of review of the denial of a PCRA petition is well-settled. We "review[] the PCRA court's findings of fact to determine whether they are supported by the record, and review[] its conclusions of law to determine whether they are free from legal error." Commonwealth v. Spotz, 84 A.3d 294, 311 (Pa. 2014) (citation omitted).

Generally, a petition for PCRA relief, including a second or subsequent petition, must be filed within one year of the date the judgment of sentence becomes final. See 42 Pa.C.S. § 9545(b)(1). Exceptions to the timeliness requirement exist, however, as set forth at 42 Pa.C.S. § 9545(b). The timeliness requirements of the PCRA are jurisdictional in nature, and, thus, a PCRA court cannot hear untimely petitions. Commonwealth v. Robinson, 837 A.2d 1157, 1161 (Pa. 2003).

- 5 -

The three statutory exceptions for a facially untimely petition under the PCRA consist of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, a petition invoking a timeliness exception must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Muniz held that retroactive application of SORNA violates the federal and state ex post facto clauses. Muniz, 164 A.3d at 1193. Muniz has been held to apply in the PCRA context when a timely PCRA petition has been filed. See Commonwealth v. Rivera-Figueroa, 174 A.3d 674, 678 (Pa. Super. 2017); see also Commonwealth v. Murphy, 180 A.3d 402, 405-06 (Pa. Super. 2018) (noting that Muniz applied retroactively in Rivera-Figueroa because the PCRA petition was timely).

In Murphy, this Court held that an untimely PCRA petitioner could not rely on Muniz to meet the timeliness exception regarding a newly recognized constitutional right because no holding of the Pennsylvania Supreme Court

"has held that Muniz applies retroactively in order to satisfy in section 9545(b)(1)(iii)." Murphy, 180 A.3d at 406 (citation omitted).

As an initial matter, we note that Appellant's issue is waived. He does not specifically state that he is invoking the newly recognized constitutional right timeliness exception based on the ruling in Muniz. See Pa.R.A.P. 2119(a); Appellant's Brief at 28 (referring to the "recent" Muniz decision). However, even if the issue of relief under Muniz were not waived, Appellant's claim warrants no relief.

Muniz was decided on July 19, 2017, and Appellant did not file the instant PCRA petition until October 25, 2017. Accordingly, Appellant failed to file a petition within sixty days of the date the claim could have been presented. See 42 Pa.C.S. § 9545(b)(2). Even if Appellant had met the requirement of section 9545(b)(2), Murphy dictates that the decision in Muniz does not afford relief to a petitioner such as Appellant, who has filed an untimely PCRA petition. See Murphy, 180 A.3d at 405-06. Accordingly, we are constrained to find that the PCRA court properly dismissed Appellant's claim under Muniz. See Spotz, 84 A.3d at 311.

As to Appellant's remaining claims, he does not attempt to invoke any timeliness exception that would provide this Court with jurisdiction to consider the merits of those claims. See Robinson, 837 A.2d at 1161. Thus, the PCRA court properly dismissed Appellant's claims without a hearing. See Spotz, 84 A.3d at 311.

Order affirmed.

- 7 -

Judge Strassburger joins the memorandum.

Judge Bowes files a concurring statement.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/25/2019